**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**CHELSEA DAWSON** **PLAINTIFF**

**v.** **Case No. 2:26-cv-86-JM**

**LENNOX INTERNATIONAL, INC.** **DEFENDANT**

**ORDER**

Plaintiff Chelsea Dawson's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED. She reports minimal income and a significant amount of student loan debt. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The Court also must screen the complaint. 28 U.S.C. § 1915(e)(2). Regardless of whether a plaintiff is represented by an attorney or is representing herself (also called appearing *pro se*), the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Dawson has not met this standard.

Dawson, a black female, brings this *pro se* action under Title VII of the Civil Rights Act of 1964 alleging she suffered workplace harassment because of her race and gender. (Doc. 2 at 2). Dawson says her coworkers Darryl Kirk and Charlene Battles sexually harassed her. (*Id.* at 5).

Dawson recounts a May 13, 2025 event where, after she refused Battles's advances, Battles responded with violence. (*Id.*). It is unclear whether Dawson also participated in the fight, but Defendant fired Dawson two days later for participating in "workplace violence." (*Id.*). Dawson does not state Battles's race or whether she was also fired. Dawson does however state that Kirk, who was not involved in the altercation, was allowed to keep his job. (*Id.* at 7). Dawson argues that Defendant failed to investigate her side of the story, explaining that she told Human Resources <u>after</u> the fight about the ongoing sexual harassment. (*Id.* at 7).

Dawson's allegations that she was treated differently because of her race (black) and gender (female) are not supported by the record. While she points out that Kirk, a white male, was not fired, he also was not part of the workplace fight between Dawson and Battles. And Dawson does not state Battles's race or whether she was allowed to keep her job following the fight. In any event, these claims, even if properly pleaded, are not exhausted – a prerequisite to filing a federal discrimination claim. *See* 42 U.S.C. § 2000e-5(e). Dawson raised only her sexual-harassment hostile-work-environment claim in her Charge of Discrimination filed with the Equal Employment Opportunity Commission. (Doc. 2 at 20). As a result, the Court need only consider this claim.

As currently pleaded, Dawson has not pleaded a *prima facie* hostile-work-environment claim.

> To establish a prima facie case for hostile work environment [under Title VII], a plaintiff must show: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) a causal nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper action.

*Warmington v. Bd. of Regents of Univ. of Minn.,* 998 F.3d 789, 799 (8th Cir. 2021) (citation omitted). While it is true that at this stage of the proceedings, a plaintiff is not required to make a

"detailed evidentiary proffer" to support her claim, these five elements are "part of the background against which a plausibility determination should be made," and the court may use them "as a prism to shed light upon the plausibility of the claim." *Id*. at 796 (8th Cir. 2021) (cleaned up).

Before the Court dismisses her case for failure to state a claim, Dawson will be given a chance to file an amended complaint providing more factual allegations in support of her sexual harassment claims. In particular, Dawson must plead facts that Defendant "knew or should have known of the action and failed to take proper action." *Warmington*, 998 F.3d at 799.

In her amended complaint, Dawson should simply and clearly explain the who, what, when, where, and how surrounding her claim. When and how often was she harassed? Who in management did she tell? How did they respond? Was the first time Dawson told anyone in management after she had been asked to write a statement regarding the fight with Battles? Dawson is advised that "standards for a hostile environment are demanding, and conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment." *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410 (8th Cir. 2010) (quotation and citation omitted).

If Dawson chooses not to amend her complaint, or if her amended complaint does not cure the problems with her current complaint, then the Court will dismiss her case without prejudice.

Dawson is further directed to be familiar and comply with the Federal Rules of Civil Procedure as well as the Local Rules of this Court. Both sets of rules are available online. (See https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure and https://www.are.uscourts.gov/cour-info/local-rules-and-orders/local-rules.). The Court notes that Local Rule 5.5(c)(2) instructs *pro se* parties that it is their responsibility to notify the Clerk and other parties of any change in their address, to monitor the progress of the case, and

to prosecute or defend the action diligently. *Pro se* parties should sign all pleadings and include their address and telephone number with any signature. If any communication from the Court to a *pro se* party is not responded to within 30 days, the case may be dismissed without prejudice.

Dawson's amended complaint must be filed by November 5, 2026. If an amended complaint is not filed, this case will be dismissed for failure to state a claim.

IT IS SO ORDERED this 5th day of October, 2026.

UNITED STATES DISTRICT JUDGE